THE MUTUAL BENEFIT LIFE INSURANCE COMPANY

*v.*

EMILY R. GOULD et al.

1. A resale of premises, sold under a foreclosure execution, ordered, where one claiming an interest in the premises has, by neglect of her counsel, been deprived of an opportunity to protect that interest, and the property seems not to have produced the " highest and best price it would bring in cash at the time of the sale." (*P. L. of 1880 p. 255*).

2. The act of 1880, which requires that foreclosure sales shall not be confirmed, unless the property has been sold at the best price it would bring, applies to all foreclosure sales, and not merely to those in which a personal decree for deficiency is sought.

---

On objections to sheriff's sale, and petition to set aside sale.

*Mr. Cortlandt Parker*, for petitioner.

*Mr. F. K. Howell*, for complainant.

27

*Mr. F. E. Bradner*, for the defendants the Newark City National Bank and Longman.

*Mr. H. M. Barrett*, for the defendants Wilde.

THE CHANCELLOR

The petitioner asks that the sheriff's sale of mortgaged premises, under the execution in this cause (a suit for foreclosure), may be set aside on two grounds—surprise and inadequacy of price. The property is in Newark. It was struck off at the sale to the solicitor of the Newark City National Bank and Edward Longman, judgment creditors, at $6,000. After the sale, the purchaser agreed with the Wildes, subsequent judgment creditors, to sell the property to them for the $6,000 and the amount due to his clients on their judgments, and he directed the sheriff to make a deed to them accordingly. The money, however, has not yet been paid, nor the deed delivered. The amount due the complainant was about $5,900. The petitioner claims to own half of the property, subject to the mortgage, by title superior to the judgments, and, failing that (her deed therefor having been by a decree of this court declared void as against the judgments of the bank, Longman and the Wildes, from which decree she has appealed), she claims her dower in the surplus remaining after paying the amount due the complainant. She directed her solicitors to attend the sale, and directed them to bid the property up for her to $7,300, and they agreed to do so. They charged one of their assistants, also a lawyer, with the duty. He attended on two occasions, but the sale was then adjourned. On the day to which it was last adjourned he forgot the matter, and did not attend, and the property was then sold in his absence; consequently nobody was present on her behalf. She lived in New York city, and relied wholly on her solicitors to attend to the sale for her. The sale was, beyond all question, a surprise upon her. There is no proof as to what the property would probably bring on a resale. A very competent judge of the value testifies that its market value is at least $10.000. but he does not state what, in

his opinion, it would bring at sheriff's sale, which is oftentimes a very different thing. I am satisfied that the property has not been sold for the highest and best price it would bring, in cash, at the time of sale, but it was because of the failure of the petitioner's agent to attend the sale. And here it will not be out of place to notice the argument of the purchaser's counsel, that the provision contained in the fourth section of the act "concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure and sale of mortgaged premises thereunder" (*P. L. of 1880 p. 255, 256*), that sales under foreclosure proceedings shall not be confirmed, unless the court or judge is satisfied that the property has been sold at the highest and best price it would then bring, in cash, is applicable only to cases where there is a personal liability for deficiency. The argument is based on what, it is insisted, is the general object of the act, to protect, as far as practicable, persons liable for deficiency ; but the provision under consideration will not admit of that construction. By its terms, it extends to all sales under foreclosure proceedings commenced after the approval of the act. The sale should be set aside on such terms as will secure the complainant from being prejudiced thereby. The petitioner must enter into an undertaking with sufficient security to bid $6,000 on a resale. If she does so within five days from the time of filing the order on this decision, a resale will be ordered ; otherwise the sale will be confirmed.